UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| STEVEN GRANGER, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) 2:11-cr-00139-DBH-2 |
| | ) 2:13-cv-00074-DBH |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent | ) |

**ORDER**

On June 6, 2013, the attorney for the United States filed a motion for a court order authorizing the release of client files (ECF No. 180). The motion requests that I order Leonard Sharon to release "all records in his possession, or available to him, concerning the prosecution" of the above entitled case. Granger has filed a timely opposition to the motion, maintaining the request is overbroad and therefore unreasonable[1] and that it will unnecessarily delay the proceedings. I address the issue of delay first.

Granger has previously asserted his objection to further delay of these proceedings. The response to his motion to vacate is now due on July 15, 2013. The motion was filed on March 6, 2013, and defendant self-reported to serve the 24-month sentence of imprisonment on September 28, 2012. While I am aware that the extraordinarily short sentence (by federal drug guidelines standards) creates the need for some expediency in the handling of this motion, nothing in this record suggests there has been unreasonable delay or that this motion will necessarily further

---

[1] Granger also appears to object because he believes that the government's communications to date with his former counsel are impermissible because they occurred prior to the issuance of any court order. I discern no impropriety in the preliminary discussions with counsel and neither Granger's nor the court's permission for those discussions was sought or required. Nor does the United States presently seek a court order regarding a deposition of or formal interview with prior defense counsel and thus Granger's requests to have counsel assigned and to be transported to Maine for any such events have no merit.

delay the proceedings.  The claim should be decided long before it is rendered moot by Granger's release from incarceration.  This motion has not been resolved more expeditiously because Granger did not file his opposition until June 26, 2013, one day prior to the deadline of June 27, 2013.  I am not critical of the timing of his response, I simply point out that the court is acting promptly to rule on the motion and that I have not further extended the response deadline as a result of this order.

As for the scope of the request made by the United States, I agree with the petitioner that the fact he "waived his attorney-client privilege with respect to his § 2255 claims, . . . does not end the analysis."  United States v. Pinson, 584 F.3d 972, 978 (10th Cir. 2009).  Granger's petition indicates that his discontent with counsel's performance is limited to counsel's preparation for and presentation at the sentencing hearing (Mot. to Vacate, ¶¶ 33-44) and his conduct regarding an appeal of sentence (id., ¶¶ 44-47).  Granger is not challenging the underlying conviction (id., ¶ 39) nor does he claim actual innocence of the charges, so file records pertaining to those underlying questions may not necessarily be relevant to the claims of ineffective assistance.  Most courts recognize that the waiver is limited to relevant materials.  Laughner v. United States, 373 F.2d 326, 327 (5th Cir. 1967) ("[W]here, as here, the client alleges a breach of duty to him by the attorney, we have not the slightest scruple about deciding that he thereby waives the privilege as to all communications relevant to that issue.").  A judge of this court has observed:  "A court must be careful to impose a waiver no broader than needed to ensure the fairness of the proceedings before it.  In habeas petitions claiming ineffective assistance of counsel, waiver is limited to materials concerning the alleged failure to provide the defendant with adequate representation."  United States v. Stone, 824 F. Supp. 2d 176, 186 (D. Me. 2011) (Woodcock, C.J.) (internal quotation marks and citation omitted).

Based upon the foregoing authority, the Government's motion is granted, subject to the following limitations:

1.) Leonard Sharon, Esq., is authorized to disclose all records (documents and correspondence) in his file relevant to the issues raised in the petitioner's motion to vacate;

2.) Leonard Sharon, Esq., is authorized, at the request of the attorney for the Government, to prepare and sign an affidavit containing any additional information relevant to the issues or documents produced in response to ¶ 1;

3.) The Government is ordered to promptly furnish to Granger a copy of any materials received from Sharon in response to this Order.

## CERTIFICATE

Any objections to this Order shall be filed in accordance with Federal Rule of Criminal Procedure 59.

*So Ordered.*
Dated: June 27, 2013              /s/ Margaret J. Kravchuk
                                  U.S. Magistrate Judge